No. 12438

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

GAZETTE PRINTING COMPANY,
a corporation and STRAND HILLEBOE,

Plaintiffs and Appellants,

-vs-

J. J. CARDEN, As Chairman and a member
of the Industrial Accident Board of the
State of Montana, and SIDNEY T. SMITH and
J. C. CARVER, As members of the Industrial
Accident Board of the State of Montana, and
the INDUSTRIAL ACCIDENT BOARD OF THE STATE
OF MONTANA,

Defendants and Respondents,

and

SHELDON OLSON, Applicant for
Intervention and Respondent.

Appeal from: District Court of the First Judicial District,
Honorable Sid G. Stewart, Judge presiding.

Counsel of Record:

For Appellants:

Moulton, Bellingham, Longo & Mather, Billings, Montana
Bernard W. Longo argued, Billings, Montana
Lawrence W. Petersen argued, Billings, Montana
Small, Cummins and Hatch, Helena, Montana

For Respondents:

Keller, Reynolds and Drake, Helena, Montana
Paul T. Keller argued, Helena, Montana

For Intervenor:

Keefer and Roybal, Billings, Montana
Neil S. Keefer argued, Billings, Montana

Amicus Curiae

Hon. Robert L. Woodahl, Attorney General, Helena, Montana
John P. Connor, Assistant Attorney General, argued,
Helena, Montana

Submitted: November 28, 1973

Decided: DEC 26 1973

Filed: DEC 26 1973

Thomas J. Kearney

Clerk

Honorable Bernard W. Thomas, District Judge, sitting in place of Mr. Justice Frank I. Haswell, delivered the Opinion of the Court.

Plaintiffs brought this action in the district court for a writ of mandamus to compel the Industrial Accident Board and its members (now the Workmen's Compensation Division of the Department of Labor and Industry) to permit the inspection of those of its records which are open for inspection under the statutes of this state. Plaintiffs appeal from the district court's order granting defendants' motion for summary judgment and dismissing plaintiff's petition.

In their petition plaintiffs allege that defendants maintain certain records; that a full description of these records cannot be given by plaintiffs because defendants have refused plaintiffs access to them; that plaintiffs desire to have access to all records of defendants with the exception of those specifically covered by section 92-809, R.C.M. 1947; that plaintiffs had demanded access to the records and had been refused. In the prayer of the petition, plaintiffs asked that the Court define and designate which specific records of the defendant Industrial Accident Board are excepted by section 92-809, R.C.M. 1947, and that a writ of mandamus be issued requiring defendants to give plaintiffs access to public records. Section 92-809, R.C.M. provides that information supplied by employers and insurers shall be confidential.

After depositions had been taken and answers to interrogatories had been filed, defendants moved for summary judgment, attaching thereto a list describing twenty-eight kinds of their records which they considered to be confidential and not open to public inspection. By its order granting summary judgment and dismissing the petition, the district court denied plaintiffs all relief, making no reference to the list attached to defendants' motion or to any records which might be open to

- 2 -

plaintiffs' inspection.

In a memorandum opinion, the district judge stated:

" * * * Plaintiffs seek either (1) that the
Court go through all the records of the
Division and decide which are public and
which are private, or (2) that the Court
order all the records to be thrown open to
them so that they can decide which are public
or private. As to the former, it is not the
function of the Court to make such a blanket
determination. Under our system, the Courts
only decide specific controversies, i.e.,
whether a given document is, or is not, a
public record. As to the latter request * * *
the Court has no power to compel the perform-
ance of an act which the law does not require
as a duty.

" * * *

" * * * The sole question before the Court
is the legal question of whether the Plaintiffs
are entitled to inspect all of the records of
the Workmen's Compensation Division."

Having reduced the issues to that single legal question
and having determined that some of the records are clearly con-
fidential under the law, the district court then held that the
case was ripe for summary judgment against plaintiffs.

Mandamus lies to compel the performance of an act which
the law specifically enjoins as a duty resulting from an office.
Section 93-9102, R.C.M. 1947. However, there must be a clear
legal duty. State ex rel. Beach v. District Court, 29 Mont.
265, 74 P. 498. The statutes of Montana provide a general right
of inspection of public records. Sections 59-512, and 93-1001-4,
R.C.M. 1947. There appears to be no disagreement with the prin-
ciple that mandamus is an appropriate means of enforcing the
right to inspect public records. State ex rel. Holloran v. McGrath,
104 Mont. 490, 67 P.2d 838; State v. State Bank of Moore, 90
Mont. 539, 4 P.2d 717.

Plaintiffs argue that the district court erred in not
giving them partial relief, in refusing to ascertain the nature

- 3 -

of records sought to be inspected, and in failing to grant the writ as to those records which are not confidential.

Since it appears from the face of the record that defendants claim only part of their records to be confidential and admit that others are open to public inspection, at the least, plaintiffs were entitled to a judgment assuring them access to the records which are admittedly public.

The question remains as to whether defendants were entitled to summary judgment on the issue of access to records claimed by them to be privileged and not open to public inspection. The answer to this question depends upon the resolution of two further questions: (1) Was the district court correct in its view that it was not required to review the records and make a determination as to which of them are public and which private? and (2) Is there any genuine issue of material fact as to the confidential character of the records which defendants claim to be confidential?

This Court has held that it is proper in a mandamus action for the Court to determine whether the plaintiff is entitled to partial relief. State v. State Bank of Moore, supra. Particularly where the public interest is involved, the Court should grant such relief as the circumstances warrant, whether it is all or less than that sought. State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 P. 485; State ex rel. Morgan v. Ret. Sys., 136 Mont. 470, 348 P.2d 991. Although it is true that neither plaintiffs nor the general public have a direct financial interest which will be affected by the outcome of this action, protection of those who have sustained injury while engaged in industry is a matter of public interest, and the proper operation of the compensation program designed for their protection is a matter of general public interest, as, indeed, is the effective

- 4 -

administration of all agencies of the state government.  In the present situation, the court should give such relief as the circumstances justify.  As to the first question posed, it is our view that the court was in error.

As to the second question defendants contend that it is apparent from the depositions and answers to interrogatories on file that the records in question contain information which is confidential in character, thus leaving no genuine issue of material fact to be decided.  However, the question as to the extent to which confidential and nonconfidential information may be unnecessarily intermingled, and the question as to whether nonconfidential information has been withheld because it happens to appear in individual claim files along with confidential information, are genuine issues of material fact which have not been decided.

Further, information available to the district court on the nature and contents of the records in question is based largely upon descriptions, opinions and conclusions.  An examination of answers to interrogatories shows that they contain such statements as these:  "This again is completely confidential because it is an index purely for the employees of the board and gives entirely too much information on claimants and is confidential under the rules of the board"; "This item gives claimants name and address, the amount he received in settlement, and other confidential information."; "This file contains * * * other pertinent records, confidential under section 92-809."

The district court did not have before it the original records or true copies thereof and depended upon descriptions of the records and their contents as provided in the depositions and answers to interrogatories.

On a motion for summary judgment, depositions and answers

- 5 -

to interrogatories can be considered only to the extent that they contain admissible evidence. 6 Moore's Federal Practice, ¶ 56.11(4), p. 2191; Roucher v. Traders & General Insurance Company, 235 F.2d 423.

Parol evidence of the contents of public records violates the best evidence rule and is inadmissible. 29 Am Jur 2d, Evidence, Sec. 482, p. 541; 32A C.J.S. Evidence § 804, p. 137.

There was insufficient competent evidence for the court's consideration in granting the motion for summary judgment. If the record is inadequate, a motion for summary judgment must be denied. American Securit Company v. Hamilton Glass Company, 254 F.2d 889.

The burden of showing the absence of a genuine issue of material fact is on the movant. Byrne v. Plante, 154 Mont. 6, 459 P.2d 266. That burden has not been met here.

We feel it is proper here to make some observations. With literally thousands of case files, extending over many years, it seems obvious that for a single litigant such as plaintiff here to make a broadcast search and require perhaps numerous state employees to examine into the files, may create an undue burden upon state government; but the district court has the power under the rules by appointing commissioners, if need be, or in some other manner ascertaining a reasonable method of inspection during a reasonable period to provide the information desired.

It further appears from the answers to the interrogatories that the method of record keeping by the Industrial Accident Board is such that legally confidential material and nonconfidential material is intermingled, perhaps inadvertly or deliberately. But, while this may create difficult problems of

- 6 -

examination and segregation of the material, the district court has sufficient power and a duty to ascertain what materials are not confidential and to make such materials available for public inspection.

While there are other specific problems presented here, including the effective use of attorney general's "opinions" or "directives" we think it premature at this time to discuss these matters since this cause is being returned to the district court for further proceedings.

For these reasons the court's order granting the motion for summary judgment and dismissing plaintiffs' petition was in error and the case is remanded to the district court with instructions to vacate, set aside and hold for naught its order and for further proceedings not inconsistent with this opinion.

_____
Hon. Bernard W. Thomas, district judge, sitting in place of Mr. Justice Frank I. Haswell.

We concur:

_____
Chief Justice

_____

_____

_____
Justices