753 P.2d 296

**Lynn C. MYERS and Old Mill Market Limited Partnership, Plaintiffs–Respondents,**

v.

**James C. VERMAAS and Carolyn Vermaas, husband and wife, Defendants–Appellants.**

**No. 16794.**

Court of Appeals of Idaho.

April 6, 1988.

■■■■■■■■■■

Richard B. Eismann and William J. Pauzauski, Caldwell, for defendants-appellants.

No appearance by plaintiffs-respondents.

PER CURIAM.

This appeal comes to us from an order denying a request for attorney fees under I.C. § 12–120, as amended in 1986. The sole issue is whether the amended version of the statute governs a trial-level award of attorney fees in a lawsuit filed before the amendment. The district court held that it does not. We affirm.

The underlying facts may be stated briefly. Lynn Myers purchased from James and Carolyn Vermaas a business and office building in Caldwell known as the "Old Mill Block." When Myers failed to make timely payments under the purchase contract, Vermaas served him with a notice of forfeiture. Subsequently, Vermaas repossessed the property. In April, 1985, Myers filed suit in the district court seeking rescission of the land sale agreement. Vermaas answered and counterclaimed, pleading Myers' default as an affirmative defense. Following a bench trial in September, 1986, the district court denied all of Myers' claims. Judgment was entered in favor of Vermaas on the counterclaim, allowing recovery of expenses incurred while managing the property after the default. Subsequently, Vermaas sought an award of attorney fees under I.C. § 12–120. The district judge denied the request and Vermaas filed this appeal. There has been no appearance by respondents.

When this lawsuit was commenced in 1985, former I.C. § 12–120(2) was still in effect. The language of that subsection provided:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

On two occasions this Court held that I.C. § 12–120(2) was inapplicable on its face to disputes arising out of real estate transactions. *See Bennett v. Bliss*, 103 Idaho 358, 647 P.2d 814 (Ct.App.1982); *Bastian v. Albertson's Inc.*, 102 Idaho 909, 643 P.2d 1079 (Ct.App.1982). Consequently, were it not for the 1986 amendment, Vermaas would have lacked a basis to claim attorney fees under I.C. § 12–120.

As amended in 1986, former subsection (2) of the statute was expanded and incorporated into a new subsection (3). The 1986 version (which has since been further amended with changes not germane to this appeal) provided:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and *in any commercial transaction* unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

*The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.* [Emphasis added.]

Seizing upon the newly broadened scope of the statute, Vermaas contended that the underlying sale of the business and real property was a "commercial transaction" within the meaning of section 12–120(3). However, the district judge rejected this argument for two reasons. First, he ruled that the 1986 amendment to I.C. § 12–120 was not intended by the Legislature to apply retroactively to cases, like this one, filed before the amendment became effective on July 1, 1986. Alternatively, the judge held that the parties' underlying dispute did not arise out of a "commercial transaction" within the meaning of I.C. § 12–120(3) because it involved, in part, a claim for equitable relief. We agree with the judge on the first point; consequently, we need not address the second.

Unless a contrary legislative intent appears on the face of a statute, retrospective application is disfavored. I.C. § 73–101. *See also University of Utah Hospital v. Pence,* 104 Idaho 172, 657 P.2d 469 (1982). An application is deemed retrospective if it affects substantive rights. *City of Garden City v. City of Boise,* 104 Idaho 512, 660 P.2d 1355 (1983). Among the rights characterized as substantive are those which are "contractual or vested" in nature. *Id.* at 515, 660 P.2d at 1358. Statutes which do not "create, enlarge, diminish or destroy contractual or vested rights" are deemed to be remedial or procedural, as opposed to substantive. *Id.* They may be applied retrospectively.

When this classification scheme is applied to statutes authorizing *discretionary* awards of attorney fees, such statutes generally are held to be remedial or procedural. Consequently, they are given retroactive effect. *See, e.g., Idaho Fair Share v. Idaho Public Utilities Commission,* 113 Idaho 959, 751 P.2d 107 (1988) (applying I.C. § 61–617A); *Jensen v. Shank,* 99 Idaho 565, 585 P.2d 1276 (1978) (applying I.C. § 12–121). Presumably, any amendment to such statutes also would receive retrospective effect.

However, we think a different analysis is required for I.C. § 12–120. Unlike I.C. §§ 12–121 and 61–617A, I.C. § 12–120 provides for a *mandatory,* not discretionary, award of attorney fees to the prevailing party in commercial litigation. The automatic nature of an award under I.C. § 12–120 makes it, in effect, an adjunct to the underlying commercial agreement between the parties. It establishes an entitlement. In this respect, an award under the statute is closely akin to other "contractual or vested" rights contained in the agreement itself. Although the award right is "remedial" in the semantic sense that it relates to a remedy, the same could be said of contract provisions relating to damages or other relief in the event of default.

Accordingly, we think that the 1986 amendment to I.C. § 12–120, which enlarged the scope of entitlement to mandatory attorney fee awards, is more accurately classified as substantive than as merely remedial or procedural. Consequently, the 1986 amendment should not be given retroactive effect. *Accord, In re Comstock,* 16 B.R. 206 (D.Idaho 1981) (interpreting former I.C. § 12–120(2) as providing a substantive remedy).

Our conclusion is consistent with the manner in which I.C. § 12–120 affects decisions to litigate commercial disputes. As we noted in *DeWils Interiors, Inc. v. Dines,* 106 Idaho 288, 293, 678 P.2d 80, 85 (Ct.App.1984):

> Section 12–120(2) produces a harsh result for the losing party in litigation over a commercial dispute. This party suffers not only the outcome of the dispute and his own legal expense, but also is burdened with costs and attorney fees awarded to the other side. However, this result is fair if the benefits and costs of litigation are identified in advance and the parties can guide their decisions accordingly. The parties are abjured by the statute to evaluate carefully the merits of their claims or defenses in the commercial dispute. When deciding whether to litigate, each party must weigh the potential benefits of prevailing against the potential costs of losing. There is a direct relationship between a party's decision to litigate a commercial dispute and the benefits or costs which flow from that decision.

A retrospective application of the 1986 amendment to I.C. § 12–120 would distort this decision-making process. It would profoundly alter—after the fact—the costs and benefits of submitting a meritorious (albeit disputed) claim to the courts for resolution. (In contrast, retrospective application of I.C. § 12–121, as supplemented by I.R.C.P. 54(e)(1), has affected only those claims which were meritless in any event

and which ultimately were found to be frivolous, unreasonable or without foundation.)

The order of the district court, denying the request for attorney fees, is affirmed. The respondents having made no appearance on appeal, we award no costs or attorney fees.