BURNETT, Judge.
 

 In this case we are asked to review a district court’s award of attorney fees in a mandamus action. The dispositive issue is whether the award was authorized by I.C. § 12-120(3). For the reasons set forth below, we reverse.
 

 The relevant facts are as follows. The City of Cascade and the Cascade School District are public entities required by law to publish notices of various actions. In 1987 these entities began to publish their legal notices in a newspaper called “The Advocate.” This decision prompted the Idaho Newspaper Foundation and a competing newspaper, the “Central Idaho Star News” to file this lawsuit. They asserted that “The Advocate” lacked the minimum circulation and subscriber base prescribed by I.C. § 60-106 for newspapers publishing legal notices. They sought a writ of mandate directing the City and the School District to publish legal notices in a properly qualified newspaper. Upon cross-motions for summary judgment, the district court held that “The Advocate” satisfied the applicable statutory criteria. The application for mandamus relief was therefore denied.
 

 The City and School District then requested awards of attorney fees. The district court declined to make awards under I.C. § 12-121, finding that the suit had not been brought or pursued frivolously, unreasonably or without foundation. However, the court did award fees under I.C. § 12-120(3). This appeal followed, presenting only the attorney fee issue.
 

 Our analysis begins and ends with the language of I.C. § 12-120(3). As amended on July 1, 1986, the statute directs the award of a reasonable attorney fee to the prevailing party “[i]n any civil action
 
 to recover on
 
 an open account, account stated, note, bill, negotiable instrument, guaranty, or contract related to the purchase or sale of goods, wares, merchandise, or services
 
 and in any commercial
 
 transaction____” (Emphasis added.) Pri- or to the 1986 amendment, which added the reference to “any commercial transaction,” we stated that attorney fees are recoverable under the statute only in an action brought “to recover on ... [a] contract.”
 
 Chenery v. Agri-Lines Corp.,
 
 106 Idaho 687, 690, 682 P.2d 640, 643 (Ct.App.1984) (review denied). Here, the City and School District have seized upon the words “any commercial transaction,” arguing that there is no longer any requirement that the action be brought “to recover on” a contract. Upon this hypothesis they further argue that I.C. § 12-120(3) now applies to any lawsuit where a commercial relationship exists.
 

 We acknowledge that there is an awkward syntactical gap between the preamendment phrase “to recover on” and the postamendment phrase “and in any commercial transaction.” However, we
 
 *424
 
 need not decide today whether the City and School District are right in suggesting that this gap signifies a new category of commercial cases covered by the statute regardless of whether suit has been brought “to recover on” a contract. For even if such a hypothesis were true, it would not support a conclusion that the statute extends to all lawsuits where a commercial
 
 relationship
 
 exists. Under the most expansive view of the statute, a lawsuit still must seek resolution of a dispute arising from a commercial
 
 transaction
 
 between the parties.
 

 Here, there was no such commercial transaction between the City or School District, on one hand, and the Foundation or the “Star News” on the other, when the suit was filed. Indeed, the purpose of the suit was to compel performance of a perceived public duty in order to create a possibility of future commercial transactions benefitting the “Star News.” We think there is a clear distinction between litigation of a dispute arising from a commercial transaction and litigation on noncommercial issues that might have future commercial ramifications.
 

 Moreover, a suit in mandamus rests not upon the existence of a commercial transaction but solely upon the existence of a statutory public duty.
 
 See, e.g., Dalton v. Idaho Dairy Products Comm’n,
 
 107 Idaho 6, 9, 684 P.2d 983, 986 (1984). In contrast, I.C. § 12-120(3) has nothing to do with the duties of public officials. It simply adds an attorney fee entitlement to the terms on which two parties enter into certain commercial transactions.
 
 See generally Myers v. Vermaas,
 
 114 Idaho 85, 87, 753 P.2d 296, 298 (Ct.App.1988). Therefore, we conclude that I.C. § 12-120(3) has been applied improperly to this case.
 

 The district court’s order awarding attorney fees is reversed. Costs to the appellants. No attorney fees on appeal.
 

 WALTERS, C.J., and WESTON, J. Pro Tern., concur.