842 P.2d 307

**Franklin B. EDWARDS, Plaintiff–Respondent,**

v.

**Alexandra Christina EDWARDS and Margot Elizabeth Edwards, Defendants–Appellants.**

No. 19640.

Court of Appeals of Idaho.

Oct. 1, 1992.

See also 122 Idaho 963, 842 P.2d 299.

Killen & Kerrick, McCall, for defendants-appellants. William M. Killen argued.

Manweiler, Bevis & Cameron, Boise, for plaintiff-respondent. Diane M. Tappen argued.

WALTERS, Chief Judge.

Alexandra and Margot Edwards appeal from an order denying their request for attorney fees in a declaratory judgment action. The dispositive issue is whether the award was authorized under I.C. § 12–120(3). For the reasons below, we affirm.

Franklin Edwards (Frank), the appellants' father, filed a declaratory judgment action against them, their brothers and sister, and his mother's estate. The complaint requested a ruling on the validity and enforceability of two written agreements to develop and sell property owned by Frank's children and his mother's estate. Frank entered into the first agreement in 1964 with his parents. He entered into the second agreement in 1977 with his mother and the Trust which he managed on behalf of his mother and four of his children. Both agreements provided that Frank would develop and promote certain tracts of land owned by his parents and his children, and that he would receive fifty percent of the net profit from each lot sold. A more detailed description of the facts giving rise to the declaratory judgment action may be found in our decision in the companion case of *Edwards v. Edwards*, 122 Idaho 963, 842 P.2d 299 (App.1992).

The central issues at trial, as they concerned either Alexandra or Margot, involved (1) determining the nature of the

1964 contractual relationship between Frank and his parents and whether it continued to exist after his mother's written, albeit unilateral, renunciation of the agreement, and (2) whether, by executing the 1977 agreement as both trustee and developer, Franklin had breached his duty of loyalty to Alexandra, who was a Trust beneficiary at the time. At the conclusion of the evidence, the court entered a judgment finding that the 1964 relationship was a joint venture and decreeing it dissolved prior to the 1986 renunciation, and further decreeing the 1977 agreement voidable as to Alexandra's interest because Frank had breached his fiduciary duty to her.

Alexandra and Margot then requested attorney fees under I.C. §§ 12–120(3) and 12–121. The district court declined to make the award under I.C. § 12–121, finding that the case had not been brought or pursued frivolously, unreasonably, or without foundation. The court also denied the request made under I.C. § 12–120(3), concluding that the statute did not authorize attorney fees because the action sought declaratory relief, rather than a monetary award. This appeal challenges the court's latter ruling.

Our analysis centers on the construction and application of I.C. § 12–120(3). As amended on July 1, 1986, the statute directs the award of a reasonable attorney fee to the prevailing party "[i]n any civil action *to recover on* an open account, account stated, note, bill, negotiable instrument, guaranty, or contract related to the purchase or sale of goods, wares, merchandise, or services *and in any commercial transaction* ..." (Emphasis added.) Prior to the 1986 amendment, which added the reference to "any commercial transaction," this Court stated that attorney fees are recoverable under the statute only in an action brought "to recover ... on [a] contract." *Chenery v. Agri–Lines Corp.*, 106 Idaho 687, 690, 682 P.2d 640, 643 (Ct.App. 1984). The appellants concede that the declaratory judgment action in which they prevailed was not an action to recover on a contract. They argue, however, that under the amended statute, there is no longer a requirement that the action be brought to

"recover on" a contract where the party prevails in an action involving a "commercial transaction."

We have previously acknowledged the syntactical gap between the preamendment phrase "to recover on" and the postamendment phrase "and in any commercial transaction." *See Idaho Newspaper Foundation v. City of Cascade*, 117 Idaho 422, 423, 788 P.2d 237, 238 (Ct.App.1990). However, as in that case, we need not decide here whether that gap signifies that the statute covers a new category of commercial cases regardless of whether the suit was brought to "recover on" a contract. *See id.*, 117 Idaho at 423–24, 788 P.2d at 238–39. As we stated in *Idaho Newspaper* the statute does not extend to all actions where a commercial *relationship* exists, but rather, "the lawsuit still must seek resolution of a dispute arising from a commercial *transaction* between the parties." 117 Idaho at 424, 788 P.2d at 239 (emphasis original). With respect to the statute, our Supreme Court recently observed:

> [T]he award of attorney's fees is not warranted every time a commercial transaction is remotely connected with the case. Rather, the test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover. To hold otherwise would be to convert the award of attorney's fees from an exceptional remedy justified only by statutory authority to a matter of right in virtually every lawsuit filed.

*Brower v. E.I. DuPont De Nemours and Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

In this case, we conclude that neither party was attempting to recover against the other on the basis of any "integral" commercial transaction—such a transaction simply was not the "gravamen of the lawsuit." Instead, the purpose of the declaratory judgment action was to ascertain whether there existed a binding, contractu-

al *relationship* between the parties under each of the two disputed agreements, focusing on the parties' actions as they affected each of those relationships. Admittedly, the outcome of the lawsuit bore upon the parties' rights and obligations under the agreements as to any *future* transactions involving the property. However, as stated in *Idaho Newspaper*, "there is a clear distinction between litigation arising from a commercial transaction and litigation on noncommercial issues that might have future commercial ramifications." 117 Idaho at 424, 788 P.2d at 239. For reasons different from those given by the district judge, we conclude that an award of attorney fees in this case was not authorized under I.C. § 12–120(3).

The district court's order denying the appellants' request for an award of attorney fees is affirmed. Costs to respondent, Franklin Edwards. No attorney fees awarded on appeal.

SWANSTROM and SILAK, JJ., concur.